**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

KARSTEN O. ALLEN,                )
        **Plaintiff,**            )
                                  )        **<u>MEMORANDUM OPINION</u>**
    **v.**                        )        **Civil Action No. 7:21cv00241**
                                  )
S.K. COLEMAN, et al.,             )        By: Pamela Meade Sargent
        **Defendants.**           )        United States Magistrate Judge

Plaintiff, Karsten O. Allen, ("Allen"), a Virginia Department of Corrections, ("VDOC"), prisoner incarcerated at Keen Mountain Correctional Center, ("Keen Mountain"), has filed this civil rights action pursuant to 42 U.S.C. §1983, against S. K. Coleman, ("Coleman"), a Keen Mountain lieutenant, D. K. Nichols, ("Nichols"), a Keen Mountain lieutenant, T. Lowe, ("Lowe"), Institutional Hearings Officer at Keen Mountain, A. T. Collins, ("Collins"), Unit Manager at Keen Mountain, and Israel Hamilton, ("Hamilton"), Warden at Keen Mountain, alleging that his rights under the First and Fourteenth Amendments of the U.S. Constitution were violated. This case is before the court on the defendants' motion to dismiss, (Docket Item No. 15) ("Motion").  For the reasons stated below, the Motion will be granted, and Allen's claims will be dismissed.

*I.      Facts*

In his Complaint, (Docket Item No. 1), Allen seeks compensatory and punitive damages, alleging that the defendants violated his rights under the First and Fourteenth Amendments. The Complaint alleges that, on March 1, 2021, plaintiff was incarcerated at Keen Mountain in B2 Pod or Housing Unit. The plaintiff alleges that he was playing cards with three other inmates at a pod table when Coleman

approached, accompanied by two female officers in training. Coleman "had a few disputed words" with one of the other inmates at the table, and Coleman ordered the inmate to give him the deck of cards. Allen protested because the cards belonged to him. Coleman ignored Allen and left the pod with the cards, going into the vestibule. When Coleman returned to the pod, Allen approached him and demanded he return his cards. Coleman said that, since he took them from the other inmate, he was going to write a confiscation form addressed to the other inmate, and he did not have to return the cards to Allen. Allen told Coleman that, if he did not return the cards to him, he wanted a complaint form. To which, Coleman stated, "If you want the complaint then I'm going to write you a charge. You need to let it go." Allen then insisted that his property be returned or he receive a complaint form.

On March 2, 2021, Allen was served with a Disciplinary Offense Report written by Coleman, alleging that Allen had made an unauthorized sale or transfer of personal property – poker chips. Allen attached this Disciplinary Offense Report to his Complaint as Exhibit A. (Docket Item No. 1-1 at 1.) This Disciplinary Offense Report stated that Allen was charged with Offense Code 227 for unauthorized sale or transfer of personal property.  In the Description Of The Offense section, Coleman wrote:

> On 03/01/2021 at 11:15 a.m. while conducting a check of B-2 pod, Inmate K. Allen … admitted that he had given inmate R. Brown … a cracker box containing poker chips. Inmate K. Allen admitted numerous times that the poker chips in the cracker box that were confiscate[d] from Inmate R. Brown … belonged to him. Unusual behavior: Inmate K. Allen … admitting the poker chips belonged to him numerous times. Immediate action: inmate charged per OP 861.1. No force used.

(Docket Item No. 1-1 at 1.) Another form attached to the Complaint as Exhibit B

showed that Allen was found guilty of the charge and fined $15.00. (Docket Item No. 1-1 at 3.) Attached as Exhibit C to the Complaint was the Disciplinary Hearing Appeal Response form from Warden Hamilton, upholding Allen's disciplinary offense conviction. (Docket Item No. 1-1 at 4-5.)

Allen's Complaint alleges that Institutional Hearings Officer Lowe conducted his disciplinary hearing on March 24, 2021. At this hearing, Allen alleges, he requested that the poker chips be produced as evidence. Lowe refused, citing a VDOC policy that contraband will not be produced at such hearings. Allen alleges that he protested because the poker chips were not contraband. Allen argued at his hearing that the institution did not sell poker chips and that it was impossible to sell or transfer property that did not exist.  Without the poker chips, Allen argued, there was no evidence that he sold or transferred any property. Allen stated that Lowe found him guilty of the offense and imposed a $15.00 fine.

Allen's Complaint alleged that Unit Manager Collins "refused to acknowledge the due process violations and upheld the conviction." (Complaint at 3.) He also alleged that he appealed his conviction to Warden Hamilton, "who refused to acknowledge the due process violations and upheld the conviction."

Allen alleges that Coleman violated his First Amendment right to petition the government for redress and his Fourteenth Amendment right to due process when he filed a false disciplinary report against him in retaliation for his demanding his property be returned or that he be given a complaint form. Allen alleges that Nichols violated his Fourteenth Amendment right to due process by his review and approval of the disciplinary report written by Coleman. Allen alleges that Lowe violated his Fourteenth Amendment right to due process by failing to produce the poker chips as evidence at his disciplinary offense hearing and by finding him guilty of the offense

charged with no evidence, for inadequate reasons for his decision and for refusing to be an impartial decision maker. Allen alleges that Collins and Hamilton violated his Fourteenth Amendment right to due process by their review and approval of his disciplinary conviction.

Allen alleges that he exhausted his administrative remedies prior to filing suit, and he attached an April 19, 2021, Disciplinary Hearing Appeal Response from Hamilton as Exhibit C to his Complaint. (Docket Item No. 1-1 at 4-5.) This Response states:

> A review of your disciplinary offense report, all relevant documentation and the recorded disciplinary hearing for the offense code *227* that occurred on *03/01/2021* case *KMCC-2021-0289* has been conducted. The contentions you have cited upon this disciplinary appeal have been received and considered. The response(s) are as follows:
>
> **Issue #1: You assert that the IHO refused to produce evidence.**
>
> **Response for Issue #1:** Upon review, it is documented that you have failed to request any form of evidence to aide [sic] in your defense. Be advised that it is not the responsibility of the IHO to produce evidence that has not been requested. No violation is noted.
>
> **Issue #2: You contest the IHO's finding of guilt.**
>
> **Response for Issue #2:** The finding of guilt was based upon a preponderance of evidence to include the reporting officer's statements. No violation is noted.
>
> **Issue #3: You attest that the IHO "refused" to be an impartial decision maker and you attempt to describe the IHO's statements.**
>
> **Response for Issue #3:** Upon review, there is no evidence that would support your allegation. The IHO is evidenced to conduct their assigned duties in accordance with the governing operating procedure. No violation is noted.
>
> **Issue #4: You allege the IHO submitted an inadequate reason for**

the decision of guilt.

**Response for Issue #4:** This finding of guilt was based upon a preponderance of evidence to include the reporting officer's statements. No violation is noted.

**Issue #5:   You allege the Reporting Officer submitted a "false disciplinary report" as a form of retaliation.**

**Response for Issue #5:** Upon review, it is evidenced that you were issued this DOR in accordance with the governing operating procedure. There is no evidence to support your allegation of retaliation from the Reporting Officer. No violation is noted.

(Docket Item No. 1-1 at 4-5.)

Allen seeks compensatory damages against all defendants and punitive damages against defendants Coleman and Lowe.

## II.     Analysis

In the Motion, the defendants argue that Allen's Complaint should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

Furthermore, the court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Erickson,* 551 U.S. at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court should ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this case, Allen claims that his First Amendment right to petition the government for redress and his Fourteenth Amendment right to due process were violated when he was charged and convicted of Offense Code 227 for unauthorized sale or transfer of personal property on March 2, 2021. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). If a prisoner alleges deprivation of a protected liberty or property interest, then the court will examine the sufficiency of the process surrounding the deprivation of that interest. *See Prieto*, 780 F.3d at 248.

In this case, the defendants argue that Allen has failed to state a viable claim for procedural due process because the imposition of a small monetary fine did not

deprive him of a protected interest. As a result of his disciplinary offense conviction, Allen alleges that he received a $15 fine. Numerous cases of this court have held that small monetary fines are not constitutionally protected interests under the Due Process Clause. *See Hoglan v. Mathena,* 2022 WL 625086, at *10 (W.D. Va. Mar. 3, 2022); *Graham v. Stallard,* 2020 WL 5778790, at *19 (W.D. Va. Sept. 28, 2020) ($10 fine insufficient to trigger constitutional due process protections); *Roscoe v. Mullins*, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) ($15 fine did not implicate due process rights), aff'd on other grounds, 828 F. App'x 921 (4th Cir. 2020); *Ferguson v. Messer*, 2017 WL 1200915, at *8 (W.D. Va. Mar. 30, 2017) (three $12 fines did not give rise to a protected property interest); *Bratcher v. Mathena*, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) ($12 fine did not implicate loss of a protected property interest). Other cases from this court, however, have recognized that a monetary fine imposed deprives a prisoner of a protected property interest. *See Bowling v. Clarke*, 2021 WL 440794, at *3 (Feb. 8, 2021) ($15 fine deprived inmate of a protected property interest); *Muhammad v. Commonwealth*, 2016 WL 1068019, at *15 (W.D. Va. Feb. 1, 2016) ($12 fine implicated a protected property interest under the Due Process Clause) (citing *Burks v. Pate*, 119 F. App'x 447, 450 (4th Cir. 2005) ("A prisoner has a protected property interest in his prison trust account"). While the Fourth Circuit has not yet spoken directly on this issue, some courts have questioned whether the analysis of *Sandin v. Conner*, 515 U.S. 472, 484 (1995), requiring that the particular hardship be "atypical and significant" to create a constitutionally protected interest, applies in the context of deprivation of property, given that *Sandin* addressed whether a particular deprivation implicated a liberty interest. *See Graham*, 2020 WL 5778790, at 19 n.27. The Tenth and Sixth Circuits have applied *Sandin* in the context of property rights, *see Steffey v. Orman*, 461 F.3d 1218, 1222 (10th Cir. 2006); *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005), but the Third and Fifth Circuits have not, *see Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 293 (3rd Cir. 2008); *Bulger v. U. S.*

*Bureau of Prisons*, 65 F.3d 48, 50 (5ᵗʰ Cir. 1995). The Fourth Circuit, in an unpublished opinion in *Backus v. Ward*, 151 F.3d 1028 (Table), 1998 WL 372377, at *1 (4ᵗʰ Cir. 1998), did apply *Sandin* to conclude that a prisoner "did not have a constitutionally protected liberty or property interest in his prison job."

The court, however, does not need to resolve this split in authority to rule in this case. Because of this split of authority, I hold that the defendants are entitled to qualified immunity on Allen's due process claims. Qualified immunity "shields government officials from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Trulock v. Freeh*, 275 F.3d 391, 399 (4ᵗʰ Cir. 2001) (quoting *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982)).

A claim of qualified immunity is evaluated using a three-step analysis. First, the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court must "inquire whether at the time of the alleged violation [the right] was clearly established." *Collinson v. Gott*, 895 F.2d 994, 998 (4ᵗʰ Cir. 1990) (Phillips J., concurring). Third, the court must determine whether a "reasonable person in the official's position would have known that his conduct would violate that right." *Collinson*, 895 F.2d at 998 (Phillips J., concurring). In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court held that the sequential inquiry of *Saucier* is often appropriate, but not mandatory. Instead, the Court held that the judges of the district courts and courts of appeals should be permitted to exercise their sound discretion in deciding which of the prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *See Pearson*, 555 U.S. at 236. A right is clearly established when a legal question has "been authoritatively decided by the

Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state . . . ." *Wallace v. King*, 626 F.2d 1157, 1161 (4ᵗʰ Cir. 1980). As set out above, whether small monetary fines are constitutionally protected interests under the Due Process Clause is not clearly established in this circuit. Therefore, I find that the defendants are entitled to qualified immunity on Allen's due process claims.

Even if the court were to find that the prison disciplinary proceeding at issue here implicated an interest protected by due process, Allen's due process claims still should be dismissed. A state prisoner's claim for damages based on an alleged due process violation because he was improperly convicted of a prison disciplinary offense cannot proceed if his disciplinary offense conviction has not been set aside. *See Harris v. Martin*, 2015 WL 66513, at *6-7 (S.D. W.Va. Jan. 5, 2015) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also Thompson v. Clarke*, 2018 WL 4764294, at *4 (W.D. Va. Sept. 30, 2018); *Mukuria v. Mullins*, 2015 WL 6958343, at *2 (W.D. Va. Nov. 10, 2015). A finding that the defendants deprived Allen of due process protections during a disciplinary proceeding "would necessarily imply the invalidity of the resulting disciplinary conviction and penalties." *Mukuria*, 2015 WL 6958343, at *2. Allen's Complaint alleges that he was convicted of the disciplinary offense, and his disciplinary conviction was upheld on appeal. Without any information that this disciplinary conviction was set aside, Allen's §1983 due process claims are barred under *Heck*. *See Goodwin v. Coley*, 2019 WL 2194139, at *2 (E.D. N.C. Apr. 22, 2019).

Furthermore, Allen's claim that Coleman violated his due process rights by filing a false disciplinary charge against him fails to state a cognizable §1983 claim. Falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or the laws of the United States. *See Cole v. Holloway*, 631 F. App'x

185, 186 (4th Cir. 2016).

Allen's complaint also fails to state a claim for violation of his due process rights against Nichols, Collins and Hamilton. Allen claims that Nichols violated his due process rights by reviewing and approving the disciplinary offense report for the charge written by Coleman. Allen claims that Collins and Hamilton violated his due process rights by reviewing and approving his disciplinary conviction. Liability under § 1983 lies only where it is shown that an official acted personally in the deprivation of the plaintiff's rights. *See Trulock*, 275 F.3d at 402; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). In an unpublished opinion, this court has held that upholding an inmate's disciplinary offense conviction does not give rise to an independent due process violation. *See Roscoe v. Kiser*, 2019 WL 6270240, at *7 (W.D. Va. Nov. 22, 2019). The doctrine of *respondeat superior* is not applicable in § 1983 suits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Defendants also argue that Allen's Complaint fails to state a claim for violation of his First Amendment right to petition the government for redress against Defendant Coleman. Allen's Complaint states only "[t]he submission of a false disciplinary report in retaliation for Plaintiff demanding his property back and requesting a complaint [by Coleman] violated plaintiff's 1st Amendment right to petition the government for redress of grievances…." (Complaint at 3.)  "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). Allen's Complaint, however, contains no facts showing that he was denied access to the courts. Allen does not allege that he had any other litigation pending or that Coleman's action prevented him from successfully pursuing that litigation. His Complaint does not allege that Coleman's action prevented him from pursuing this litigation. "In order to state a First Amendment 'access-to-courts'

-10-

claim, a plaintiff must allege some actual interference with his right of access and must produce actual injury or specific harm to some litigation involving a challenge to the conditions of his confinement or the fact of confinement." *Baltas v. Clarke*, 2021 WL 1080516, at *26 (W.D. Va. Mar. 18, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993)). Allen's Complaint fails to meet this requirement.

Insofar as Allen's Complaint may be read to state a claim for retaliation under the First Amendment based on his allegations that Coleman wrote a false disciplinary charge against him because he requested a complaint form, such a claim also cannot proceed without at least an allegation that his conviction on the disciplinary charge is set aside. *See Alexander v. Parks*, 2019 WL 346425, at *8 n.18 (W.D. Va. Jan. 28, 2019).

Based on the above-stated reasons, I will grant the Motion and dismiss Allen's claims against the defendants without prejudice.

An appropriate Order will be entered.

**ENTERED**: March 25, 2022.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE